**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAMES M. WARREN,

               Plaintiff - Appellant,

   v.

CHRIS WYANT,

               Defendant - Appellee.

No. 12-35720

D.C. No. 6:10-cv-00020-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 7, 2014
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges, and KOBAYASHI, District
Judge.[**]

When James Michael Warren entered Montana State Prison, he was not

allowed to keep his copy of *Taking Up the Runes*, a book he claims is central to his

practice of Odinism. The parties agree that prison policy allowed prisoners to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Leslie E. Kobayashi, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

bring a copy of the Bible, the Torah or the Koran through the intake process.

Warren brought a § 1983 claim against state agencies and officials for violation of the Religious Land Use and Institutionalized Prisoners Act (RLUIPA) and his constitutional rights. On the recommendation of the magistrate judge who screened Warren's complaint, the district court dismissed Warren's claims against all defendants before they were served except Chris Wyant, the officer who conducted his intake. The district court later granted summary judgment in favor of Officer Wyant on all counts. Warren appeals both rulings.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's orders de novo. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1060 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

**1.     The district court erred by granting summary judgment on Warren's RLUIPA claim against Officer Wyant.**

The district court granted summary judgment in favor of Officer Wyant on Warren's RLUIPA claim, finding that "Warren does not deny that he can order . . . religious books from the prison canteen, and he has not shown that ordering and using these items would significantly pressure him to alter his religious beliefs or violate them in any way." But Warren did allege in his amended complaint that he has no money to purchase a replacement copy of the book through the prison

2

canteen. The district court's finding was thus an impermissible shifting of the burden of proof to Warren at the summary judgment level. Genuine issues of material fact remain, including whether *Taking Up the Runes* is available for purchase through the prison canteen, whether Warren can afford to purchase a copy, and, if not, whether Warren's practice of Odinism would be substantially burdened without it. Summary judgment on this claim was inappropriate.

2. **The district court erred by granting summary judgment on Warren's constitutional claims against Officer Wyant.**

After concluding that Warren did not allege "a significantly great restriction or onus" to obtain protection under RLUIPA, the district court reasoned that, "because RLUIPA imposes a stricter standard than any of the other claims Warren raised in his Complaint, those claims also fail." The district court granted summary judgment on Warren's Free Exercise Clause, Establishment Clause, and Equal Protection Clause claims against Officer Wyant. Officer Wyant concedes that "there is a flaw in the district court's reasoning . . . because the district court did not actually apply RLUIPA's strict scrutiny analysis."

Officer Wyant urges the panel to rule in the first instance that the Montana State Prison policy satisfies strict scrutiny and the rational basis test, and urges us to affirm the dismissal of Warren's constitutional claims. This court gives a great

deal of deference to prison officials in the administration of prisons, especially when security concerns are implicated. *See United States v. Loughner*, 672 F.3d 731, 774 (9th Cir. 2012) (Wallace, J., concurring). But questions of fact preclude summary judgment in this case, including whether a strict prohibition on bringing religious books into the facility is necessary to stop contraband from entering the prison and the administrative difficulties, if any, of implementing a more lenient rule, such as a rule that allows each prisoner to bring one holy book into the prison regardless of its denomination. The record on appeal cannot conclusively answer these questions. We therefore remand for consideration of whether the prison's policy violates Warren's constitutional rights.

We note that, since Warren entered Montana State Prison, the policy regarding the property inmates may take through the intake process has been revised. *See* MSP 4.1.1 III(H)(3) (2011), *available at* http://www.cor.mt.gov/content/Resources/Policy/MSPprocedures/4-1-1InmateAd missionsProcess.pdf. Prisoners are no longer allowed to take holy books of any kind through the intake screening process. On remand, the district court should consider whether the new policy moots any of Warren's claims.

**3.      Officer Wyant may be entitled to qualified immunity.**

4

In her motion for summary judgment, Officer Wyant argued that she is entitled to qualified immunity. The district court granted her summary judgment motion on other grounds and did not reach the qualified immunity question. "[O]ur general assumption is that we operate more effectively as a reviewing court than as a court of first instance," *Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc), and we decline to decide this issue in the first instance.

### 4. The district court may have erred by dismissing the other state officials named in Warren's complaint.

Warren argues that the district court improperly dismissed his claims against the other state officials named in his complaint. Claims for money damages against these defendants in their official capacities are barred by the Eleventh Amendment and were properly dismissed. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

But suits for prospective relief against individuals in their official capacities are not barred by the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123, 155–56 (1908). The district court found that declaratory relief was unwarranted. Because we reverse the dismissal of Warren's constitutional claims, this claim shall also be reconsidered on remand. The district court also ruled that Warren's request for prospective relief was mooted by his transfer to Crossroads

5

Correctional Center, a private correctional facility. "It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir.1995)). Warren argues, however, that his transfer failed to rectify the injury because he still is not in possession of his book. The record does not reveal whether Warren could have brought his copy of *Taking Up the Runes* to Crossroads Correctional Center had he been allowed to bring it through intake at Montana State Prison. We therefore vacate the dismissal of Warren's claims for prospective relief against the other state officials named in his complaint, and instruct the district court to address the issue of injunctive relief on remand.

As to Warren's claims against these defendants in their personal capacities, Warren failed to allege that the defendants, who at best acted in supervisory roles, "personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Although we interpret pro se complaints liberally, we "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to

6

withstand a motion to dismiss." *Id.* The district court did not err by ruling that, after being given an opportunity to amend his complaint, Warren's amended complaint was insufficiently specific in its allegations against these entities.

We AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this disposition. Costs on appeal shall be taxed against Appellee Wyant. *See* FED. R. APP. P. 39(d)(1); Ninth Circuit Rule 39-1.1.